**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NORTH ATLANTIC OPERATING
COMPANY, INC., and NATIONAL
TOBACCO COMPANY, L.P.,

                Plaintiffs,
  v.                                            Case No. 15-14013
                                                HON. TERRENCE G. BERG
DIMITRIY BABENKO, et al.,            HON. DAVID R. GRAND

                Defendants.
_____/

**ORDER GRANTING PRELMINARY INJUNCTION**

On November 16, 2015, Plaintiffs North Atlantic Operating Company, Inc., and National Tobacco Company, L.P. filed a Complaint alleging that Defendants are engaged in manufacturing, distributing, or selling counterfeit ZIG-ZAG® cigarette paper products. (*See* Dkt. 1 at ¶¶ 6, 13-14.) In addition to their Complaint, Plaintiffs filed an ex-parte motion for a temporary restraining order ("TRO"), preliminary injunction, and other relief. (Dkt. 4.) The Court held an ex parte hearing on November 18, 2015 in the matter of the TRO (Dkt. 11), and granted a TRO, asset restraining order[1], expedited discovery order, and order permitting service by alternative means on November 19, 2015 (Dkt. 12).[2]

---

[1] With respect to the restraint on certain assets, the order provides that Defendants can, upon three business days' written notice to the Court and Plaintiffs' counsel and upon proper showing, appear and move for the dissolution or modification of that provision. (Dkt. 12, p. 21.)

[2] This Court detailed the facts and procedural circumstances of this case in its November 19, 2015 order, familiarity with which is assumed. (Dkt. 12). Moreover, with respect to the application of the four factors used by the Sixth Circuit to determine whether injunctive relief is appropriate, the Court relies on its analysis and findings in its November 19, 2015 order granting Plaintiffs a TRO. (*Id.* at 3-13.) At the November 18, 2015 hearing and in their filings, Plaintiffs presented substantial

The Court also issued an order directing all Defendants to show cause in person on December 3, 2015, in Detroit, Michigan, "why a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 should not be issued" against them. (*Id.* at 13.) Defendants were thus notified that "failure to attend the show cause hearing scheduled [in the order] shall result in the issuance of a preliminary injunction". (Dkt. 12, p. 22.) Defendants were served on November 23, 2015 via email. (Dkts. 19-89.)

The hearing on the preliminary injunction was held as scheduled on December 3, 2015, at 10:00 am in Courtroom 861 of the United States District Court for the Eastern District of Michigan in Detroit, Michigan. At the hearing, Plaintiffs' Counsel presented a report to the Court summarizing the efforts made to serve each of the Defendants, as well as all communications between Plaintiffs and Defendants, since the TRO was entered. The Court conducted a detailed review of this report on the record, questioning Plaintiffs' Counsel as to the circumstances pertaining to each named Defendant. The Court is satisfied that Plaintiffs' Counsel has made good faith efforts to serve and to communicate with each of the Defendants, that a number of the Defendants have already settled the case or otherwise responded, and that Plaintiffs' Counsel is pursuing a process which adequately respects the due process rights of the Defendants.

---

evidence in support of injunctive relief. This preliminary injunction relies on that same evidence, which has not been controverted, though Defendants were invited to do so. Although injunctive relief is an extraordinary remedy, there is a sufficient basis for granting it in this case and Defendants offer no evidence, or response of any kind, that would suggest otherwise.

Prior to the hearing, Defendants Matthew Yahes, Planet Earth, eBay Seller travellingmatt834, Aliaksandr Zhelezniak, Alex Shvarz, eBay Seller 123zhelezniak, Voltcandy, eBay Seller voltcandy, Dhawal Soni, eBay Seller dhaw_us2014, Defonseca LLC, Laszlo Tolgyes, and eBay Seller pompanobeach all entered separate stipulations with North Atlantic agreeing to be bound to preliminary injunctions. (Dkts. 94-99.) Accordingly, these Defendants were not required to appear in person.

None of the remaining Defendants or their representatives appeared, however, or otherwise responded to Plaintiffs' motion. With respect to these remaining Defendants, having read and considered the papers and arguments of counsel, and good cause appearing, **IT IS HEREBY ORDERED** that, pursuant to Federal Rule of Civil Procedure 65, any Defendants, their respective agents, servants, employees, and officers, and all other persons in active concert or participation with them, who receive actual notice of this order by personal service or otherwise, are hereby enjoined and restrained, pending the final resolution of this action, from directly or indirectly, anywhere in the world:

1. Importing, shipping, manufacturing, distributing, delivering, advertising, promoting, making, purchasing, offering for sale, selling, or otherwise disposing of, in any manner, any counterfeit or infringing ZIG--ZAG® brand cigarette paper products, including, but not limited to, ZIG-ZAG® 11/4 Size French Orange ("ZIG-ZAG® Orange"), or any cigarette paper products bearing:

(i) infringing or counterfeit versions of the ZIG-ZAG® Trademarks, the NAOC® Trademarks, the NAOC© Copyright, and/or the ZIG-ZAG® Orange Trade Dress (as these terms are defined in North Atlantic's Complaint in the above-captioned action), which appear alone or in combination on all cartons and booklets of ZIG-ZAG® Orange cigarette paper products distributed by North Atlantic in the United States; and/or

(ii) the false statement that such products are "Distributed by North Atlantic Operating Company, Inc." or otherwise under the control or supervision of North Atlantic, when they are not;

2. Importing, shipping, manufacturing, distributing, delivering, advertising, promoting, making, purchasing, offering for sale, selling, passing off, or otherwise disposing of, in any manner, any purported North Atlantic products that are not actually produced, imported, or distributed under the control or supervision of North Atlantic and/or approved for sale in the United States by North Atlantic, in connection with the ZIG-ZAG® or NAOC® Trademarks or the NAOC© Copyright, or inducing or enabling others to commit any of the aforesaid actions;

3. Committing any acts calculated to cause purchasers to believe that counterfeit or infringing ZIG-ZAG® cigarette paper products, including ZIG¬-ZAG® Orange, originate with North Atlantic, when they do not;

4. In any way infringing or damaging the ZIG-ZAG® or NAOC® Trademarks, the NAOC© Copyright, or the ZIG-ZAG® Orange Trade Dress;

5. Otherwise unfairly competing with North Atlantic in any way;

6. Forming or causing to be formed any corporation or other entity that engages in any of the above-described acts;

7. Attempting, causing, or assisting in any of the above-described acts, including, but not limited to, enabling others in the above-described acts, or passing on information to others to allow them to do so;

8. Moving, destroying, altering, deleting, or otherwise disposing of any documents, records, communications, and/or electronically stored information concerning the import, manufacture, distribution, advertisement, promotion, making, purchase, offer to sell, or sale of any product that has been or is intended to be sold in packaging containing the ZIG-ZAG® or NAOC® Trademarks, the NAOC© Copyright, or the ZIG-ZAG® Orange Trade Dress, including such information stored within Defendants' eBay, PayPal, and other related online marketplace and/or financial accounts;

9. Accessing, using, linking to, transferring, selling, exercising control over, or otherwise owning an eBay account or any other online marketplace account that is used to offer, sell, and distribute any counterfeit or infringing ZIG-ZAG® Orange products;

10. Accessing, using, linking to, transferring, selling, exercising control over, or otherwise owning a PayPal account or other online payment processing account linked to Defendants' above-referenced online marketplace accounts

through which Defendants are or have been offering, selling, and distributing counterfeit or infringing ZIG-ZAG® Orange products; and

11. Accessing, transferring, or disposing of any assets obtained as proceeds of Defendants' unauthorized sales of infringing or counterfeit ZIG-ZAG® Orange.

**SO ORDERED.**

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: December 4, 2015

## Certificate of Service

I hereby certify that this Order was electronically submitted on December 4, 2015, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb<br>
Case Manager