UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTH ATLANTIC OPERATING
COMPANY, INC., and NATIONAL
TOBACCO COMPANY, L.P.,

              Plaintiffs,
v.                                         Case No. 15-14013
                                            HON. TERRENCE G. BERG
JINGJING HUANG[1], et al.,         HON. DAVID R. GRAND

              Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR A
PRELIMINARY INJUNCTION AND OTHER RELIEF (DKT. 189)**

Plaintiffs have filed this action pursuant to the Lanham and Copyright Acts as well as Michigan state law alleging that Defendants manufacture, distribute, or sell counterfeit versions of ZIG-ZAG® brand cigarette paper products.[2] (*See* dkt. 188.) On May 6, 2016, the Court granted Plaintiffs leave to file their First Amended Complaint to remove those Defendants that had been dismissed from this case and to add four new Defendants (the "DHGate.com Defendants")[3] identified by Plaintiffs through discovery obtained from existing Defendants. (Dkt. 185.) The Court also

---

[1] This case was originally captioned as *North Atlantic Operating Company, Inc., et al. v. Dmitriy Babenko, et al.* On February 22, 2016, Dmitriy Babenko was dismissed from this action. (Dkt. 133.) Accordingly, the Court directs the Clerk's Office to amend the case caption to read *North Atlantic Operating Company, Inc., et al. v. JingJing Huang et al.*

[2] This Court detailed the initial facts and procedural circumstances of this case in its November 19, 2015 order, familiarity with which is assumed. (Dkt. 12).

[3] The newly-named DHGate.com Defendants are: Dhgate Seller Jackyhu, Dhgate Seller Kathy0577, Dhgate Seller CNGZSS, and Dhgate Seller CNGZSS1. (*See* Dkt. 188.)

issued an order permitting service of process on the newly-named DHGate.com Defendants by alternative means. (*Id.*)

On May 13, 2016, Plaintiffs filed their Amended Complaint and exhibits (Dkt. 188), requested summons for the DHGate.com Defendants, and filed a motion for a preliminary injunction and other relief with respect to the DHGate.com Defendants. (Dkt. 189.) In support of their motion, Plaintiffs filed a declaration by John Hood, an investigator for a private security firm, and documentation of many transactions between the original Defendants and the DHGate.com Defendants involving the sale of allegedly counterfeit ZIG-ZAG® brand products. (*See* dkt. 191.)

On May 19, 2016, Plaintiffs served the DHGate.com Defendants with the Amended Complaint, the motion for injunctive relief, "and all related documents filed in the matter via email, DHGate messenger, and courier." (*See* dkts. 193-196.) In their motion, Plaintiffs seek: (1) a preliminary injunction against the DHGate.com Defendants pursuant to Federal Rule of Civil Procedure 65 that enjoins further trade in counterfeit products and freezes the DHGate.com Defendants' access to their online accounts and any assets in those accounts; and (2) permission to serve limited, expedited discovery upon certain third parties to ascertain with greater certainty the identities and addresses of the DHGate.com Defendants and the location of their operations.[4] (Dkt. 189, pp. 5, 14.)

---

[4] Plaintiffs also requested in their motion authorization to serve the DHGate.com Defendants by alternative means. (Dkt. 189, p. 5.) Because the Court granted Plaintiffs leave to serve these Defendants by alternative means in its May 6, 2016 Order, Plaintiffs stated at the motion hearing on June 29, 2016 that it is not necessary for the Court to revisit this issue.

On May 27, 2016, a hearing on Plaintiffs' motion was scheduled for June 15, 2016 and Plaintiffs were ordered to serve the notice of hearing on the DHGate.com Defendants "by email or other electronic means, and by overnight courier, when practicable, to the degree necessary to ensure and effectuate service." (Dkt. 199, p. 3.) On June 1, 2016, the hearing was rescheduled for June 29, 2016 (Dkt. 200) and Plaintiffs served the DHGate.com Defendants with this updated notice on June 9, 2016 (Dkt. 201).

The hearing on Plaintiffs' motion for injunctive relief was held as scheduled on June 29, 2016 in Detroit, Michigan. None of the DHGate.com Defendants or their representatives appeared or otherwise responded to Plaintiffs' motion or to the amended complaint. The Court considers Plaintiffs' motion to be unopposed.

At the hearing, Plaintiffs' Counsel summarized the efforts made to serve each of the DHGate.com Defendants and to verify that the methods of service used were viable. The Court heard testimony from John Hood regarding his communications with the DHGate.com Defendants via email, DHGate messaging, and other electronic means. Plaintiff's Counsel also represented to the Court that the DHGate.com Defendants had been served at their physical addresses via FedEx. The Court is satisfied that Plaintiffs' Counsel has made good faith efforts to serve and to communicate with each of the DHGate.com Defendants, and that Plaintiffs' Counsel is pursuing a process which adequately respects the due process rights of the DHGate.com Defendants.

The Court also conducted a detailed review on the record of the evidence in support of the motion, questioning Plaintiffs' Counsel as to the circumstances pertaining to each newly-named Defendant. At the hearing, Plaintiffs' Counsel explained that the DHGate.com Defendants had been identified by many of the original seller Defendants as the suppliers who provided counterfeit products to the original seller Defendants for resale. The Court then received and reviewed summary exhibits of the evidence of the DHGate.com Defendants' commercial transactions with the original seller Defendants as well as with John Hood. (Dkts. 207, 208.) Finally, Plaintiffs' Counsel presented evidence in support of each of the factors to be considered before injunctive relief can be granted: irreparable and imminent injury, likelihood of success on the merits, harm to the non-moving parties, and impact on thepublic interest. *See* 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 2951 at 507-08; *see also McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc). This evidence has not been controverted, though the DHGate.com Defendants were invited to do so.

Pursuant to Federal Rule of Civil Procedure 65(a), the Court will therefore grant Plaintiffs a preliminary injunction and other requested relief as specified below for the reasons stated on the record. Although injunctive relief is an extraordinary remedy, there is a sufficient basis for granting it against the DHGate.com Defendants, who offer no evidence, or response of any kind, that would suggest otherwise.

Plaintiffs' request for other relief will also be granted. In addition to preliminary injunction, Plaintiffs also request an expedited discovery order. Plaintiffs request to serve limited, expedited discovery upon necessary third parties in order to establish with greater certainty the DHGate.com Defendants' identities and addresses as well as the locations of their counterfeiting operations. (Dkt. 189, pp. 26-29.) Pursuant to Federal Rule of Civil Procedure 26(d)(1), parties can begin discovery before their Rule 26(f) conference if a district court authorizes them to do so upon a showing of good cause. Fed. R. Civ. P. 26(d)(1). Within this Circuit, district courts have found good cause for granting expedited discovery when the true identities of the defendants are unknown, when the moving party alleges infringement, when the scope of the discovery sought is narrow, and when expedited discovery would substantially contribute to moving the case forward. *See, e.g., Arista Records, LLC v. Does 1-4*, 2007 WL 4178641, *1 (W.D. Mich. Nov. 20, 2007).

Although Plaintiffs have thus far identified the DHGate.com Defendants by their DHGate.com usernames, Plaintiffs wish to serve discovery upon the DHGate.com Defendants' third-party providers including DHGate.com and DHPay requesting: (1) the names and addresses of these Defendants and the locations of their operations, including identifying information associated with Defendants' online accounts; (2) any and all known Internet websites on which the DHGate.com Defendants trade in ZIG-ZAG® products; (3) any and all known domain names registered by the DHGate.com Defendants; and (4) any and all financial accounts

owned or controlled by the DHGate.com Defendants. (Dkt. 189, p. 27.) Given the limited scope and time-sensitive nature of this discovery request, and Plaintiffs' offer to post a $10,000 bond with the Court to compensate for any damages suffered as a result of any wrongful restraint under this order, the Court will grant this relief.

With respect to the DHGate.com Defendants, having read and considered the papers and arguments of counsel, and good cause appearing, Plaintiffs' motion for injunctive and other relief (Dkt. 189) is **GRANTED**. A preliminary injunction is an extraordinary form of relief, and with this in mind, the Court enters the following orders:

## PRELIMINARY INJUNCTION

**IT IS HEREBY ORDERED**, pursuant to Federal Rule of Civil Procedure 65, that Defendant DHGate Seller jackyhu, Defendant DHGate Seller kathy0577, Defendant DHGate Seller cngzss, and Defendant DHGate Seller cngzss1 (together, the "DHGate Defendants"), as well as their agents, their servants, their employees, and their officers, and all other persons in active concert or participation with them (the "Enjoined Parties") are enjoined and restrained from directly or indirectly, anywhere in the world:

1. Importing, shipping, manufacturing, distributing, delivering, advertising, promoting, making, purchasing, offering for sale, selling, or otherwise disposing of, in any manner, any counterfeit or infringing ZIG-ZAG® brand cigarette paper products, including, but not limited to, ZIG-ZAG® $1^{1}/_{4}$ Size

French Orange ("ZIG-ZAG® Orange"), or any cigarette paper products bearing:

(i) infringing or counterfeit versions of the ZIG-ZAG® Trademarks, the NAOC® Trademarks, the NAOC© Copyright, and/or the ZIG-ZAG® Orange Trade Dress (as these terms are defined in North Atlantic's First Amended Complaint in the above-captioned action), which appear alone or in combination on all cartons and booklets of ZIG-ZAG® Orange cigarette paper products distributed by North Atlantic in the United States; and/or

(ii) the false statement that such products are "Distributed by North Atlantic Operating Company, Inc." or otherwise under the control or supervision of North Atlantic, when they are not;

2. Importing, shipping, manufacturing, distributing, delivering, advertising, promoting, making, purchasing, offering for sale, selling, passing off, or otherwise disposing of, in any manner, any purported North Atlantic products that are not actually produced, imported, or distributed under the control or supervision of North Atlantic and/or approved for sale in the United States by North Atlantic, in connection with the ZIG-ZAG® or NAOC® Trademarks or the NAOC© Copyright, or inducing or enabling others to commit any of the aforesaid actions;

3. Committing any acts calculated to cause purchasers to believe that counterfeit or infringing ZIG-ZAG® cigarette paper products, including ZIG-ZAG® Orange, originate with North Atlantic, when they do not;

4. In any way infringing or damaging the ZIG-ZAG® or NAOC® Trademarks, the NAOC© Copyright, or the ZIG-ZAG® Orange Trade Dress;

5. Attempting, causing, or assisting in any of the above-described acts, including, but not limited to, enabling others in the above-described acts, or passing on information to others to allow them to do so;

6. Destroying, altering, deleting, or otherwise disposing of any documents, records, or electronically stored information concerning the import, manufacture, distribution, advertisement, promotion, making, purchase, offer to sell, or sale of any product that has been or is intended to be sold in packaging containing the ZIG-ZAG® or NAOC® Trademarks, the NAOC© Copyright, or the ZIG-ZAG® Orange Trade Dress;

7. Forming or causing to be formed any corporation or other entity that engages in any of the above-described acts;

8. Accessing, using, linking to, transferring, selling, exercising control over, or otherwise exerting ownership over their respective DHGate seller accounts and any other online marketplace account that is being used to offer, sell, and distribute, or is the means by which the Enjoined Parties could continue to offer, sell, and distribute, any counterfeit or infringing ZIG-ZAG® Orange products;

9. Accessing, using, linking to, transferring, selling, exercising control over, or otherwise exerting ownership over all online payment accounts associated with the Enjoined Parties' respective online marketplace accounts through which they are or have been offering, selling, and distributing counterfeit or infringing ZIG-ZAG® Orange products; and

10. Accessing, transferring, or disposing of any assets, subject to any of the Enjoined Parties' provision of accounting of any assets over $1,000 and uncontradicted documentary proof that such particular assets are not proceeds of counterfeiting activities.

**IT IS FURTHER ORDERED** that the Enjoined Parties shall immediately turn over to North Atlantic, or any person or entity designated by it, all counterfeit ZIG-ZAG® Orange cigarette paper products, or any products bearing counterfeit or infringing versions of the ZIG-ZAG® or NAOC® Trademarks, the NAOC© Copyright, the ZIG-ZAG® Orange Trade Dress, and/or the false statement that such products are "Distributed by North Atlantic Operating Company, Inc.", in their possession custody or control.

**IT IS FURTHER ORDERED** that the Enjoined Parties shall produce to North Atlantic, within fourteen (14) days after service of this Order, a written report under oath providing:

1. Their true names and physical addresses;
2. All websites and online marketplace accounts on any platform that they own and/or operate;

3. A list of their financial accounts, including, but not limited to, DHPay, Western Union, American Express, Visa, MasterCard, and merchant bank accounts;

4. A list summarizing the dates, quantities, names, and addresses of all suppliers and/or manufacturers from whom they have acquired ZIG-ZAG® Orange over the preceding twenty-four (24) months; and

5. A list summarizing the dates, quantities, names, and addresses of all customers to whom they have distributed ZIG-ZAG® Orange over the preceding twenty-four (24) months.

## **EXPEDITED DISCOVERY**

**IT IS FURTHER ORDERED** that any third party in privity with or providing services to any of the Enjoined Parties, or in connection with any of the DHGate Defendants' online merchant accounts or related financial accounts, including, but not limited to, DHGate.com, Alibaba.com, eBay.com, Bonanza.com, Rakuten.com, internet service providers, web hosts, sponsored search engine or ad-word providers, DHPay, PayPal, Western Union, Visa, MasterCard, American Express, banks, and other payment processing service providers (collectively, "Third Party Providers") shall, within ten (10) days after service of this Order, provide to North Atlantic expedited discovery, including copies of all documents and records in such person's or entity's possession or control, relating to:

1. The identities and addresses of the Enjoined Parties, and the locations and identities of their operations, including, without limitation,

identifying information associated with their DHGate accounts, DHPay accounts, and any and all other online marketplace accounts, merchant accounts, and payment accounts;

2. Any and all known Internet websites on which the Enjoined Parties trade in ZIG-ZAG® cigarette paper products;

3. Any and all known domain names registered by the Enjoined Parties or any of them;

4. Any and all financial accounts owned or controlled by the Enjoined Parties, including such accounts residing with or under the control of any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions which receive or process payments or hold assets on the Enjoined Parties' behalf, including, without limitation, DHPay, PayPal, Western Union, Visa, MasterCard, and American Express.

**IT IS FURTHER ORDERED** that Third Party Providers, specifically including, but not limited to, DHGate and DHPay, shall, within three (3) days after service of this Order:

A. Freeze access of each and every Enjoined Party to any and all of their online accounts used in connection with the trade of counterfeit ZIG-ZAG® cigarette paper products, by temporarily disabling these accounts and making them inactive and non-transferable pending further order from this Court;

B. Disable and cease displaying any advertisements used by or associated with the Enjoined Parties in connection with the sale of counterfeit or infringing ZIG-ZAG® cigarette paper products; and

C. Take all steps necessary to prevent Internet links, whether or not active, to the Enjoined Parties' online marketplace accounts from displaying in search results, including, but not limited to, removing links to these accounts from any search index.

**IT IS FURTHER ORDERED** that the Enjoined Parties shall be temporarily restrained and enjoined from transferring or disposing of any money, assets, or other gains obtained as a result of trade in counterfeit ZIG-ZAG® cigarette paper products until further ordered by this Court.

**IT IS FURTHER ORDERED** that Third Party Providers, specifically including, but not limited to, DHPay, banks, payment processors, and other financial institutions who receive actual notice of this Order, shall immediately locate all accounts and funds owned or operated by or otherwise associated with the Enjoined Parties and each of their merchant websites, and that such accounts be frozen, disabled, restrained and enjoined from transferring or disposing of any money or other of the Enjoined Parties' assets, without prior approval of the Court, except as to an Enjoined Party that files with the Court and serves upon Plaintiffs' counsel:

1. An accounting of any of all of such Enjoined Party's assets located in the United States having a value of one thousand dollars ($1,000) or more, and the location and identity thereof; and

2. Uncontradicted documentary proof accepted by North Atlantic that particular assets are not proceeds of such Enjoined Party's counterfeiting activities, in which case those particular assets shall be released to such Enjoined Party.

**IT IS FURTHER ORDERED** that upon three (3) business days' written notice to the Court and North Atlantic's counsel, any of the Enjoined Parties may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of the Enjoined Parties' assets.

**IT IS FURTHER ORDERED** that North Atlantic post an undertaking within five (5) business days of the entry of this Order with the Clerk of the Court in the form of a bond, cash or check in the sum $10,000.00 as security for the payment of such costs and damages as may be incurred or suffered by any party as a result of a wrongful restraint hereunder.

## ALTERNATIVE SERVICE

**IT IS FURTHER ORDERED** that, good cause having been shown, North Atlantic may continue to serve upon the DHGate Defendants and upon any necessary third party the documents filed in this matter, including the Complaint, Summons, this Order and any and all other Orders and supporting briefs herein, by email or other electronic means, and/or by overnight courier, when practicable, to the degree necessary to ensure and effectuate service.

## OPPOSITION, REPLY PAPERS, AND SERVICE

**IT IS FURTHER ORDERED THAT** service of this Order and copies of the papers in support thereof, shall be made on the DHGate Defendants no later than **July 11, 2016.**

**IT IS FURTHER ORDERED** that opposition papers, if any, be filed by the DHGate Defendants with this Court and served by either personal service, notice of electronic filing, facsimile, or email upon North Atlantic's counsel, Honigman Miller Schwartz and Cohn LLP, at their offices at 315 E. Eisenhower Parkway, Suite 100, Ann Arbor, Michigan 48108, and Venable LLP, at their offices at 1270 Avenue of the Americas, 25th Floor, New York, New York 10020, on or before **July 15, 2016** and reply papers shall be filed and served in the equivalent manner on or before **July 20, 2016.**

**IT IS FURTHER ORDERED** that the Enjoined Parties shall be deemed to have actual notice of the issuance and terms of the preliminary injunction, which shall extend through the pendency of this action, and any act by any of the Enjoined Parties in violation of any of the terms of the preliminary injunction may be considered and prosecuted as contempt of this Court.

**SO ORDERED.**

                                              s/Terrence G. Berg
                                              TERRENCE G. BERG
                                              UNITED STATES DISTRICT JUDGE

Dated:  July 8, 2016

## Certificate of Service

I hereby certify that this Order was electronically submitted on July 8, 2016, using the CM/ECF system, which will send notification to each party.

>By: s/A. Chubb
>Case Manager